FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2003 NOV 14  P 4: 28

US DISTRICT COURT
BRIDGEPORT CT

| | | |
|---|---|---|
| DUANE ZIEMBA | : | PRISONER |
| | : | NO. 3:02CV258(DFM) |
| VS. | : | |
| | : | |
| LYNN MILLING, ET AL. | : | November 13, 2003 |

**MEMORANDUM IN OPPOSITION TO MOTION
TO FILE THIRD AMENDED COMPLAINT**

The defendants in the above-captioned matter oppose the plaintiff's motion dated October 29, 2003 and received by the undersigned counsel on November 6th, 2003 seeking to file a Third Amended Complaint containing no less than 158 paragraphs. The defendants have already filed an answer and Affirmative Defenses to the plaintiff's Second Amended Complaint (containing a mere 40 paragraphs) and responded to numerous discovery requests of the plaintiff. The proposed Third Amended Complaint seeks to add 7 additional defendants and to add to an operative complaint already containing numerous vague and conclusory claims of retaliation, additional claims of retaliation " which took place since the filing of this action". Plaintiff's Motion. The defendants urge this Court to consider the prejudice that would stem from allowing the plaintiff to continue to amend his pleading to add new claims of retaliation as he alleges they occur. New discovery would result, and this matter could potentially never be trial ready.

**Facts:**

The plaintiff initiated this action in February of 2002 as against three defendants, and amended the complaint for the first time by motion dated July 30, 2002. This amendment added

five defendants and numerous new allegations. Again in March of 2003, the plaintiff moved to amend his complaint. This motion was granted by the Court on August 8, 2003.

Now the plaintiff seeks to add a whole new slew of defendants and various new allegations only related to the previous allegations in the plaintiff's mind. The plaintiff alleges that correctional officials throughout the Department of Correction, which employs approximately 7000 persons, have conspired from one facility to another to retaliate against him for his myriad previous lawsuits. Other than the fact the previous lawsuits or this lawsuit were filed in the past, the allegations plaintiff now raises are unrelated, as they attempt to claim retaliation in the form of new acts for plaintiff's litigiousness.

In the course of this action, the plaintiff has filed dozens of discovery requests as to all of the currently named defendants—so many as to prompt a Motion for Protective Order by the defendants currently pending before this Court. The plaintiff has used both discovery and his right of access to the Courts to harass and annoy various correctional defendants.

On October 22, 2003, the defendants filed their Answer and Affirmative Defenses to the plaintiff's Second Amended Complaint. By Order of this Court also dated August 8, 2003, discovery in this matter is to expire on November 8, 2003, and the defendants' dispositive motion is due December 8, 2003.

To add new claims and new defendants at this point in time would, of necessity, re-open a discovery period that expires in one day and to considerably delay the ultimate resolution of this matter. The plaintiff brings this motion in bad faith and in an effort to prejudice the defendants.

**Argument:**

It is within this Court's discretion to deny leave to amend a complaint for, among other reasons, undue delay or prejudice. *Foman v. Davis*, 371 U.S. 178 (1962). The Court has broad discretion in determining whether to grant a motion to amend. *Local 802, Associated Musicians of Greater New York v. Parker-Meridian Hotel*, 145 F.3d 85, 89 (2d Cir. 1998). "A motion to amend should be denied for reasons 'such as undue delay, bad faith or dilatory motive. . . , undue prejudice to the opposing party by virtue of the allowance of the amendment, or futility of amendment.'" *Kreinik v. Showbran Photo, Inc.*, 2003 U.S. Dist. LEXIS 18276 (S.D.N.Y. 2003), attached, *quoting, Dluhos v. Floating and Abandoned Vessel*, 162 F.3d 63, 69 (2d Cir. 1998).

**A.   Prejudice:**

"Perhaps the most common reason for denying leave to amend is that a change in pleadings will prejudice the opposing party." *Sowemimo v. D.A.O.R. Security, Inc.*, 43 F. Supp.2d 477, 483 (S.D.N.Y. 1999), *citing,* 6 Wright, Miller & Kane Federal Practice & Procedure: Civil 2d §§ 1487-88. "Prejudice may be found, for example, when the amendment is sought after discovery has been closed." *Berman v. Parco*, 986 F. Supp. 195, 217 (S.D.N.Y. 1997) (adopting magistrate's recommendation denying leave to amend).

> In determining whether a party's interests will be unduly prejudiced by an amendment, this Court must consider 'whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; or (ii) significantly delay the resolution of the dispute.'

*Kreinik, supra, quoting Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). When new defendants are added and additional claims largely unrelated to existing claims are added,

3

denial of leave to amend has been considered appropriate. *Marsh v. Sheriff of Cayuga County,* 36 Fed. Appx. 10, 2002 U.S. App. LEXIS 10602 (2d Cir. 2002), attached.

In this case, the plaintiff seeks to bring into this case claims of retaliation against new defendants for alleged acts never previously referenced in any of his complaints in this matter. While the plaintiff previously complained that Northern Correctional Institution (hereinafter "Northern") officials were retaliating against him for a separate lawsuit the plaintiff had filed against them, he now claims retaliation by Cheshire Correctional Institution (hereinafter "Cheshire") for a lawsuit filed against Cheshire officials. **Proposed Third Amended Complaint ¶ 76.** The plaintiff also makes allegations of retaliation that has occurred since his return from Nevada, whereas his previous complaints and numerous discovery requests focused on the alleged retaliatory transfer to Nevada. **Proposed Third Amended Complaint ¶¶73-79.** The plaintiff now adds to his repetitive and harassing list of allegations the new allegation that his family members have been subject to retaliatory measures. **Proposed Third Amended Complaint ¶¶79-81.** He also seeks to add new claims of false Disciplinary Reports. **Proposed Third Amended Complaint ¶ 82 et seq.** While the plaintiff's claims of interference with his mail and/or legal property are not new, they are new as to Cheshire correctional officials. All of these new allegations in this new setting and on different dates would require discovery on the part of the defendants, and would delay the resolution of this matter as to existing defendants.

Moreover, it is not as if allowing these new allegations would preclude additional litigation or would resolve this matter as to existing parties more fully than if a separate lawsuit had to be filed. A PACER search reveals 12 federal lawsuits filed against various correctional

4

officials by this plaintiff (see attached), and a search of Connecticut's judicial records indicates three actions filed in state court within the last three years (see attached). Clearly, additional allegations will be forthcoming in one forum or another by the plaintiff against correctional officials, and allowing the plaintiff to add new allegations to an existing complaint will only urge him to further litigation abuses.

That plaintiff should be curtailed from adding claims of retaliation to his already existing claims of retaliation is underscored by the law applicable to claims of retaliation. Plaintiffs are held to a particularly stringent standard when claiming retaliation:

> This is true for several reasons. First, claims of retaliation are difficult to dispose of on the pleadings because they involve allegations of intent and are therefore easily fabricated. Second, prisoners' claims of retaliation pose a substantial risk of judicial intrusion into matters of general prison administration. This is so because virtually any adverse action taken against a prisoner by a prison officials—even those not rising the level of a constitutional violation—can be characterized as a constitutionally proscribed act.

*Leeds v. Meltz,* 85 F.3d 51, 53 (2d Cir. 1996) (internal citations omitted). Thus, "[C]ourts must approach prisoner claims of retaliation with skepticism and particular care. *Dawes v. Walker,* 239 F.3d 489, 491 (2d Cir. 2001), citing *Flaherty v. Coughlin,* 713 F.2d 780, 785 (2d Cir. 1983).

The current defendants and the undersigned counsel urge this Court to view the plaintiff's proposed new allegations with the required skepticism and decline the plaintiff an opportunity to endlessly litigate in this one lawsuit every wrong he perceives at the hands of correctional officials.

**B.      Bad Faith**

In addition to prejudice to the parties or potential parties, bad faith provides another reason for a Court to exercise its discretion in denying leave to amend. *Dluhos v. Floating and Abandoned Vessel*, 162 F.3d 63, 69 (2d Cir. 1998). The plaintiff is clearly acting in bad faith and seeks to avoid resolution of this case which has become recreational litigation for him in the form of frequent and repetitive discovery requests and Request for Admissions.

For all the foregoing reasons, the defendants respectfully oppose the plaintiff's motion to file a Third Amended Complaint.

>                DEFENDANTS,
>                Lynn Milling, et al.
>
>                RICHARD BLUMENTHAL
>                ATTORNEY GENERAL
>
>
>                BY: _____
>                Lynn D. Wittenbrink
>                Assistant Attorney General
>                Federal Bar No. ct08575
>                110 Sherman Street
>                Hartford, CT 06105
>                Telephone No.: (860) 808-5450
>                Fax No.: (860) 808-5591
>                E-mail: lynn.wittenbrink@po.state.ct.us

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 13th day of November 2003:

Duane Ziemba, Inmate No. 128963
Northern Correctional Institution
287 Bilton Road, PO Box 665
Somers, CT 06071

                                        Lynn D. Wittenbrink
                                        Assistant Attorney General