<u>United States District Court</u>
<u>District Of Connecticut</u>

FILED

2003 [...] 17 P 5:47

Duane Ziemba                    |        Civil Action No.
                               |        3:02 cv 258 (DFM)
Vs.                            |
                               |
Lynn Milling, et al.           |        November 15, 2003

<u>Plaintiffs Response To Defendants</u>
<u>Memorandum In Opposition To Motion</u>
<u>To File Third Amended Complaint</u>

<u>Oral Argument Requested</u>

The plaintiff respectfully requests for this honorable Court to grant oral argument, with respect to the plaintiffs motion to leave to file proposed Third Amended Complaint. Because there will be profound injury to the plaintiff if the claims for relief set forth in the proposed Third Amended Complaint are not allowed to proceed. Therefore the plaintiff should be granted oral argument in order for him to be able to thoroughly argue his motion for leave to amend.

—————————→ Nevertheless, the plaintiff wi[...]

herein state the meritorious reasons of why this Court should deny the defendants frivolous opposition, and grant him leave to file the proposed Third Amended Complaint.

## Introduction

The plaintiff by motion dated October 29, 2003 has moved for leave to file a proposed Third Amended Complaint. The defendants have in return filed a Memorandum in opposition dated November 7, 2003.

## Argument

The proposed Third Amended Complaint is a supplemental complaint which adds the events that have occurred since the filing of this lawsuit. In good faith the plaintiff has moved for leave to file the proposed Third Amended Complaint. Because the added claims definitely and clearly arose out of the conduct, transaction and occurrance set forth in the original pleading. Indeed, the acts of retaliation never did stop and once the plaintiff was transferred back to Connecticut they escalated. As required

#2

by Rule 15 for relation back of amendments, the claims "asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading". Fed. R. Civ. P. 15 (c).
See Seigel V. Converters Transportation, Inc., 714 F.2d 213, 216 (2d Cir. 1983) (relation back provision of Rule 15 (c) is to be liberally construed to ensure that claims are decided on the merits rather than on procedural technicalities). The same substantive legal theory need not be alleged in both complaints; (But in this case it is) rather the claims need only arise out of the same "conduct, transaction or occurrence". Wasik V. Stevens Lincoln-Mercury, Inc., 2000 U.S. Dist. LEXIS 15438 10 (D. Conn. March 20, 2000).
————→ "Amplification of previously alleged claims is one of the clearest cases for leave to amend". Wells V. Harris, 185 F.R.D. at 132.

With Emphasis: See Fed. R. Civ. P. 15 (d) "Upon motion of a party the court may permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Permission may be granted even though the —

#3

Original pleading is defective in its statement of
a claim for relief or defense.
The plaintiffs proposed Third Amended Complaint is
essentially a <u>Supplemental pleading</u> and <u>justice
requires this supplemental amendment.</u>

     The proposed Third Amended Complaint states
the chronological list of events of the retaliation
by the defendants. Which is a chronological
statement of events that clearly substantiate
the acts of unconstitutional retaliation by the
defendants against the plaintiff. <u>Therefore
justice requires this supplemental amendment.</u>

     Counsel for the defendants unjustly and falsely
claims that "prejudice will stem from allowing the
plaintiff to continue to amend his pleading to
add new claims of retaliation as he alleges
they occur. New discovery would result, and
this matter could potentially never be trial ready".
<u>These arguments are false and tremendously
frivolous. Because discovery is not a legal
defense of prejudice, and the plaintiff does
not plan to file any further motion for leave to
amend.</u>

     Counsel for the defendants unjustly and very

#4

inmaturely bad mouths the plaintiffs for his filing other litigation. Counsel attempts to put the plaintiff in a bad light, by alleging he has abused his right of access to the courts and litigation. ————————> Accordingly, this Court and counsel for the defendants should highly respect the plaintiff for his respectfully and in good faith using the law and not violence, and/or throwing piss and feces at prison officials as inmates do. The defendants horrific abuse of the plaintiff has not turned him —— into a savage as it has most others. The plaintiff has dignity as a human—being ——> and has turned towards the law for justice and not violence. Counsel for defendants needs to grow—up and respect these facts.

Rule 15(a) requires that a courts permission to amend a pleading "shall be freely given when justice so requires". Kim V. Convent of the Sacred Heart, 1998 U.S. Dist. LEXIS 6692 3 (D. Conn. 1998) (quoting Fed.R.Civ.P. 15(a)); Conntect, Inc. V. Turbotect, Ltd., 1998 U.S. Dist. LEXIS 2354 - 5 (D. Conn. 1989). Justice requires amendment in this case.

See the attachment, the Court ruling pertaining

#5

to the plaintiffs other pending lawsuit:
Ziemba V. Thomas, No. 3:00 cv 391 (WWE)(HBF)
On January 9, 2003 this honorable Court granted
the plaintiff leave to file a Third Amended
Complaint, and should also with respect to
this action.

Respectfully Submitted

Duane Ziemba

Duane Ziemba #128963
Northern C.I. Box 665
Somers, CT. 06071

## Certification

I hereby certify that a copy of the foregoing was mailed
On this 15th day of November, 2003 to the following:

Lynn D. Wittenbrink
Assistant Attorney General
110 Sherman Street
Hartford, CT. 06105                By: Duane Ziembo
                                   Duane Ziemba

#6

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DUANE ZIEMBA                    :
                                :
                                :
                                :
v.                              :    CIV. NO. 3:00CV391 (WWE)
                                :
FREDERICK THOMAS, ET AL         :
                                :

## RULING ON PENDING MOTIONS

Pending before the court are defendant's motion for leave to file a motion for judgment on the pleadings [doc. # 70], plaintiff's motion for leave to file a second amended complaint [doc. # 71], defendant's motion to dismiss the second amended complaint [doc. # 73], and plaintiff's motion to file a third amended complaint [doc. # 80]. Because the procedural posture of this case is as important as the merits of the underlying claims in deciding these motions, a brief recitation of the relevant procedural history of this case is necessary.

This flurry of motions began when defendants sought leave to file a motion for judgment on the pleadings approximately sixteen months after the deadline for filing such a motion passed. Defendants acknowledged the untimeliness of the motion, but argued that the court should consider it "to allow for a more orderly and focused trial." [Doc. # 70, at ¶ 4.] Indeed, defendants argued that plaintiff would not be prejudiced by the late filing, but rather would "likely benefit from the granting of said Motion as it will allow for a more orderly and focused presentation of plaintiff's case at trial." [Id. at ¶ 5.]

Coincidentally, at approximately the same time, plaintiff filed a motion for leave to file a second amended complaint. [Doc. # 71.] This motion was not filed in response to defendant's motion. Rather, these motions "crossed in the mail." In his motion, plaintiff reasoned that an amendment was needed to correct what he believed was an "oversight" - his failure to plead exhaustion of administrative remedies. But see Torrence v. Pesanti, Civ. No. 3:02CV497(HBF), Order re Defendants' Motion to Dismiss, January __, 2003 (holding that exhaustion need not be pleaded in complaint; failure to exhaust is an affirmative defense). Plaintiff also reminded the court that he is appearing pro se, and that he had expected that an attorney would appear on his behalf and "amend the complaint to clarify the facts," but that counsel was unavailable.[1]

On or about October 7, 2002, defendants filed a motion to dismiss the second amended complaint. [Doc. # 73.] Specifically, defendants disputed that plaintiff was only attempting to correct an oversight, and claimed that he filed the amendment "only to circumvent the legal issues raised in the defendants' Motion for Judgment on the Pleadings." [Mem. in Support of Mot. Dismiss (doc. # 74) at p. 1.][2] Defendants, however, argued that these amendments still failed to state a claim against defendants

---

[1] At or about that time, plaintiff also objected to defendants' motion for leave to file a motion for judgment on the pleadings. [See docs. ## 72, 77.]

[2] However, as noted, plaintiff filed the motion to amend unaware that defendants had sought leave to file a motion for judgment on the pleadings.

Elterich, Armstrong, David Strange, and Mark Strange, and thus did not object to the second amended complaint. [Id.] Instead, they moved to dismiss it. [Id.]

In response to defendants' motion to dismiss, plaintiff filed a motion for leave to filed a third amended complaint, and requested permission to withdraw his second amended complaint. [Doc. # 80.][3] Relying on, inter alia, the general rules regarding pro se complaints reaffirmed in Hughes v. Rowe, 449 U.S. 5, 9-10 & n.7 (1980), plaintiff argued that, prior to a ruling on a motion to dismiss, a pro se litigant should be granted leave to amend his complaint to clarify facts and state a cause of action. [Doc. # 80 at pp. 1-2.]

On or about October 22, 2002, defendants objected to plaintiff's motion for leave to file a third amended complaint. [Doc. # 82.] Defendants argued that it was too close to trial for the court to allow plaintiff's amendment, and that they would be prejudiced because discovery had been completed and a dispositive motion was filed. [Id. at p. 2.] Defendants also argued that this was a "clear attempt to circumvent the issues raised in the defendants' Motion to Dismiss," and that plaintiff was attempting "to assert numerous new factual allegations and legal claims as to the [four defendants that are the subject of the motion to dismiss]." [Id. at p. 3.] Specifically, defendants cite as examples of these new facts and claims paragraphs 16, 17, 20, 25,

---

[3] Plaintiff also objected to the motion to dismiss. [Doc. # 79.]

26, 45, 48, 50, 52, 53, 56, 60, 61, 62, and 63 of the proposed
third amended complaint. Defendants contend that, "[d]ue to the
introduction of these entirely new factual and legal assertions,
... it would be highly prejudicial to the defendants to permit
the plaintiff to file this third Amended Complaint." [Id. at
p. 4.][4]

The central issue is whether to allow plaintiff's third
amended complaint.  As defendants acknowledge, Rule 15(a) of the
Federal Rules of Civil Procedure provides a liberal standard for
the amendment of pleadings.  That rule specifically states that
"leave shall be freely given when justice so requires."  Fed. R.
Civ. P. 15(a).  Thus, the issue becomes whether any undue delay
or prejudice exists that would overcome the liberal standard in
Rule 15.

As noted, defendants argue both undue delay and prejudice.
Defendants' position, however, is belied by their own actions.
First, defendants sought leave to file a motion for judgment on
the pleadings at almost the same time (in fact, two days before)
plaintiff filed his motion for leave to file a second amended
complaint, and there has been no significant delay between that
filing and plaintiff's motion for leave to file his third amended
complaint.  Second, in their motion for leave, defendants argued
that, despite the untimeliness, resolution of their motion would

_____

[4] Plaintiff responded to this objection by noting, among
other things, that the proposed third amended complaint "only is
clarifying his legal claims and does not raise new factual
allegations nor legal claims." [Doc. # 84 at pp. 1-2.]

benefit all parties because the claims would be more focused. Defendants do not explain why the same would not hold true for the clarifications made by plaintiff.

Of course, if defendants are correct that plaintiff is asserting entirely new factual and legal allegations, then plaintiff's amendment may be prejudicial even if defendant's motion for judgment would not have been. Thus, the court must examine the paragraphs that defendants believe are prejudicial.

Defendants claim that paragraphs 16, 17, 20, 25, 26, 45, 48, 50, 52, 53, 56, 60, 61, 62, and 63 of the proposed third amended complaint assert entirely new facts and legal theories. The court disagrees.

First, defendants' argument is again belied by their own actions. Defendants did not object to plaintiff's proposed second amended complaint partly because even with the amendments, they believed plaintiff's allegations failed to state a claim. [Doc. # 74 at p. 1.] In other words, they saw no significant difference between the first and second amended complaints with respect to the claims made against defendants. There is no significant difference between plaintiff's proposed second amended complaint and his proposed third amended complaint.

Paragraphs 16 and 17 of the third amended complaint are the same in substance as (but simply more detailed than) paragraph 17 of the second amended complaint.[5] Paragraph 20 is new, but it

---

[5] Compare also paragraph 20 of the first amended complaint [doc. # 7].

5

just provides additional facts supporting plaintiff's prior allegation that defendant David Strange knew of the violations and failed to remedy them. Arguably, these additional facts were not even necessary under Rule 8. Paragraph 25 of the third amended complaint is virtually identical to paragraph 27 of the second amended complaint.[6] Paragraph 26 of the third amended complaint is new, but it contains only additional fact pleading supporting plaintiff's claim that defendant Armstrong knew of, and failed to remedy, the constitutional violations that are the subject of plaintiff's complaint - claims which were also made in paragraphs 50 and 51 of the second amended complaint.[7] Paragraphs 45, 48, 50, 52, 53, 61, 62, and 63 of the third amended complaint are virtually identical to paragraphs 46, 48, 50, 53, 54, 65, 66, and 67, respectively, of the second amended complaint.[8] Paragraph 56 of the third amended complaint alleges nothing of substance. Finally, the substance of paragraph 60 of the third amended complaint is contained in paragraph 64 of the second amended complaint.[9] In other words, the third amended complaint is not substantively different from the second amended complaint, to which defendants did not object because it (like

---

[6] Compare also paragraphs 15, 20 and 75 of the first amended complaint [doc. # 7].

[7] Compare also paragraphs 55, 65-68, 72, and 75 of the first amended complaint [doc. # 7].

[8] Compare also paragraphs 27-44, 47-50, 55, 56, 65-68, 72, and 75 of the first amended complaint [doc. # 7].

[9] Compare also paragraph 64 of the first amended complaint [doc. # 7].

6

its predecessor) failed to state a claim, nor fundamentally different from the first amended complaint, which has been the operative complaint since August 2000.

Of course, there are some differences among plaintiff's first, second, and third amended complaints. If there were not, there would be no need for the amendments. However, the issue is whether defendants would be prejudiced by the alleged assertion of "new claims." As discussed, plaintiff has not asserted new claims, but rather has simply clarified (perhaps unnecessarily) the facts that support claims he has already asserted. This is especially true in light of the rule that, where one party is proceeding <u>pro</u> <u>se</u>, the "court[] must construe <u>pro</u> <u>se</u> pleadings broadly, and interpret them `to raise the strongest arguments that they suggest.'" <u>Cruz v. Gomez</u>, 202 F.3d 593, 597 (2d Cir. 2000)(quoting <u>Graham v. Henderson</u>, 89 F.3d 75, 79 (2d Cir. 1996)). Each of the clarifications made by plaintiff comes within a broad interpretation of plaintiff's prior allegations, viewing those prior allegations to raise the strongest arguments that they would have suggested. At most, plaintiff has proffered additional evidence to prove direct involvement in the alleged constitutional violations. This proffer may be helpful to the parties at trial, and perhaps even helpful to the court in resolving any future motion to dismiss, but it does not add new claims that would prejudice defendants.

7

CONCLUSION

In light of the foregoing, the court rules on the pending motions as follows.  Defendants' motion for judgment on the pleadings [doc. # 70] is **DENIED AS MOOT**.  Plaintiff's motion for leave to file a second amended complaint [doc. # 71] is **GRANTED** as unopposed.  Defendants' motion to dismiss the second amended complaint [doc. # 73] is **DENIED AS MOOT**.  Plaintiff's motion to withdraw the second amended complaint [doc. # 80 ¶ 1] is **DENIED AS MOOT**. Plaintiff's motion to file a third amended complaint [doc. # 80] is **GRANTED**.  Defendants' response to plaintiff's third amended complaint is due within twenty-one (21) days of the docketing of this ruling.

This is not a recommended ruling.  The parties consented to proceed before a United States Magistrate Judge [doc. # 76] on October 8, 2002, with appeal to the Court of Appeals.


SO ORDERED at Bridgeport this ___ day of January 2003.


_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE

8