United States District Court
District Of Connecticut

| | |
|---|---|
| Duane Ziemba | Civil Action No. 3:02 cv 258 (DFM) |
| vs. | |
| Lynn Milling, et al. | December 8, 2003 |

### Memorandum Of Law In Opposition To Defendants Motion For Extension Of Time Within Which To Motion For Summary Judgment

I. By motion dated November 26, 2003, the defendants have moved for an extension of time within which to motion for summary judgement. The plaintiff respectfully, in part, opposes the defendants motion due to the following facts:

II. The record in this case clearly reflects the facts of the defendants have failed and refused to cooperate with the discovery provisions in this action. The defendants have filed an outrageously —— and voluminous number of motions for an extension of time to respond to

the plaintiffs requested discovery. Indeed, thereafter instead of producing the plaintiffs discovery, the defendants unjustly filed several motions seeking a protective order against the plaintiffs (essential) requested discovery.

See Salahuddin v. Coughlin, 993 F.2d 306, 309-10 (2d Cir. 1993); Villante v. Dept. Of Corrections of City Of New York, 786 F.2d 516, 521-23 (2d Cir. 1986) A court should not grant summary judgment against a party who has not had an opportunity to pursue discovery or who's discovery requests have not been answered. ⟶ The defendants, as a matter of law, must answer and produce the plaintiffs requested (essential) discovery before anticipating filing and this court granting summary judgment against the plaintiff. Indeed, the defendants should be taking the time to answer/produce the plaintiffs requested discovery, and not in attempting to further circumvent the proceedings of this action.

With emphasis: The plaintiff does not oppose the defendants filing a motion for summary

judgment after they produce his requested discovery. In fact the plaintiff is in full favor of the defendants moving for summary judgment, after all discovery matters are resolved. Accordingly, the defendants should be granted an extension of time to file for summary judgment, up until 30 days after all discovery in this case is resolved.

Respectfully Submitted
Duane Ziemba
Duane Ziemba #128963
Northern C.I. Box 665
Somers, CT. 06071

Certification

I hereby certify that a copy of the foregoing was mailed to the following this 8th day of December 2003:

Lynn D. Wittenbrink
Assistant Attorney General
110 Sherman Street
Hartford, CT. 06105

By Duane Ziemba
Duane Ziemba