UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2005 FEB 11  P 3: 20

U.S. DISTRICT COURT
HARTFORD, CT.

DUANE ZIEMBA,

    Plaintiff,

v.

LYNN MILLING, ET AL.,

    Defendants.

:  PRISONER
:  CASE NO.  3:02CV258(DFM)

## ORDER AND NOTICE

Pending before the court is the plaintiff's motion requesting that the court order the parties to file a joint trial memorandum. (Doc. #82.) The motion is granted in part as follows:

The defendants' motion for summary judgment is due on February 18, 2005. See doc. #80. If a summary judgment motion is filed, the joint trial memorandum will be due 30 days after a ruling on the motion. If no motion for summary judgment is filed, the joint trial memorandum shall be filed by March 18, 2005. The joint trial memorandum will be in the form described in the attached addendum.

SO ORDERED at Hartford, Connecticut this 11th day of February, 2005.

                                      Donna F. Martinez
                                      United States Magistrate Judge

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Addendum

Case Name:   Ziemba v. Milling
Case No.     3:02CV258 (DFM)

The joint trial memorandum will be in the form prescribed by the District Court's Standing Order Regarding Trial Memoranda in Civil Cases (see Local Rules of Civil Procedure) **In addition to the material required by the Standing Order**, the Joint Trial Memorandum shall include:

a. Witnesses: See Paragraph 10 of the Standing Order. For any expert witness, each party shall set forth the opinion to be expressed, a brief summary of the basis of the opinion and a list of the materials on which the witness intends to rely. If a party objects to all or any part of the anticipated testimony of any witness, lay or expert, the objection and its grounds shall be set forth in the Joint Trial Memorandum so that the objection can be addressed prior to trial.

b. Exhibits: See Paragraph 11 of the Standing Order. Each party shall list in the Joint Trial Memorandum the exhibits it intends to offer at trial. The plaintiff's exhibits and the defendant's exhibits shall be listed separately. A brief description of the exhibit shall be included. The list shall indicate whether the parties agree that the exhibit may be admitted as evidence. If there is an objection to an exhibit, the proponent

of the exhibit must set forth the basis for admissibility of the exhibit and the opponent must set forth the basis of the objection. Except for rebuttal and impeachment, exhibits not listed will not be admissible at trial without good cause shown.

The parties shall exchange exhibits at least 10 days prior to the final pretrial conference. At least 5 days prior to the final pretrial conference, each party shall submit to the court an exhibit list. The exhibit list shall denote the exhibit number, a brief description of the exhibit and shall indicate whether the parties agree that a particular exhibit should be admitted as evidence without objection. Two courtesy copies of the exhibit list shall be provided to the court and one copy shall be delivered to the courtroom deputy clerk. Prior to the final pretrial conference, each party shall mark its exhibits with exhibit stickers (which are available upon request from the courtroom deputy clerk). All exhibits shall be marked numerically and say "Plaintiff" or "Defendant." If there is more than one plaintiff or defendant, the exhibits shall identify the party offering the exhibit (e.g., Defendant Smith, Exhibit #1). If the same exhibit is offered by more than one party, the parties shall mark only one of the exhibit by placing their respective exhibit stickers on the one exhibit (e.g., two exhibit stickers on one document: Plaintiff Jones, Exhibit #2; Defendant Smith Exhibit #5). Each party shall prepare _two_ courtesy copies of its documentary exhibits for the

court's use during the hearing. The courtesy copies shall be arranged in order in a notebook with tabs bearing the exhibit number. Counsel shall retain the original set of exhibits until the beginning of trial.

    c.   <u>Requests for Jury Instructions</u>: See Paragraph 13 of the Standing Order. The parties shall meet and confer for the purpose of preparing and filing agreed upon jury instructions. The proposed jury instructions shall be submitted as an attachment to the Joint Trial Memorandum. The proposed jury instructions should encompass all applicable rules of law. Citations to rules and authority should be provided in footnotes. If the parties cannot agree on a particular instruction, each party shall set forth its own proposed instruction in the joint filing, noting which party has proposed the instruction. The parties are not required to submit instructions on general issues such as role of the court, role of the jury, witness credibility, etc. Counsel shall submit to chambers a courtesy copy of the proposed jury instructions.

    d.   <u>Anticipated Evidentiary Problems</u>: See Paragraph 14 of the Standing Order. Any party who elects to file a motion <u>in limine</u> shall file the motion and supporting memorandum of law at the same time as the filing of the Joint Trial Memorandum.

    e.   <u>Special Verdict Form or Interrogatories</u>: In jury cases, the parties shall submit as an exhibit to the Joint Trial Memorandum a proposed verdict form suitable for submission to the

jury. The form may require the jury to return a special verdict with special findings as permitted by Fed. R. Civ. P. 49(a) or a general verdict with or without written interrogatories as permitted by Fed. R. Civ. P. 49(b). If the parties are unable to agree as to the appropriateness of a proposed form, the objecting party must state the basis for the objection and provide an alternative proposal.

A courtesy copy of the Joint Trial Memorandum shall be submitted to chambers on the day that it is filed.

SO ORDERED this _____ day of February, 2005 at Hartford, Connecticut.

                                                                              _____
Donna F. Martinez
United States Magistrate Judge