UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Duane Ziemba | : | 3:02CV0258(DFM) |
| v. | : | |
| Lynn Milling, et al | : | February 28, 2005 |

**REPLY TO "PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT"**

On February 17, 2005, the defendants in the above-captioned matter filed a Motion for Summary Judgment with supportive documents. The Memorandum of Law numbered 46 pages. The defendants submitted 28 exhibits to address the plaintiff's numerous groundless and ridiculous claims of retaliation, stolen legal property and alleged lack of medical care. The exhibits included a complete set of plaintiff's medical records from both the State of Connecticut Department of Correction and the Nevada Department of Correction, as well as Affidavits, DOC records, DOC internal and external correspondence, and court records. The Memorandum of Law together the Statement of Undisputed Facts containing references to a document for each assertion taken altogether demonstrate that the defendants are entitled to judgment as a matter of law as there is not a single genuine issue of material fact.

In response to defendants' definitive filing, the plaintiff filed a document on February 18, 2005 in which he states that although he could have previously, "[I]t is not possible for me to now oppose the defendants' Motion for Summary Judgment." The defendant does not oppose summary judgment entering in this case, but asks the Court to "reflect" his newest allegations of stolen legal material as "facts", no doubt in an effort to create evidence for a future lawsuit alleging stolen and/or destroyed legal material. The plaintiff once again makes wild, conclusory

and unsubstantiated claims similar to those set forth in his Amended Complaint that "the defendants and their fellow employees … ripped up and stole my essential legal material property pertaining to this pending action (and others)." This unsworn allegation contains no proffer of what "essential legal material property" was "ripped up" or what "essential legal material property" was stolen. Moreover, the plaintiff, like he does in his complaints, alleges some sort of conspiracy between the defendants and their "fellow employees" who again go unnamed and unidentified.

The defendants respectfully submit that plaintiff's filing amounts to an admission that he has not an iota of evidence to counter their motion for summary judgment. Defendants note as well that, while plaintiff's allegations could be considered serious, the plaintiff's timing must be considered. The plaintiff never stated to the Court or to the undersigned counsel that his legal property was "ripped up" or "stole[n]" at any time since September 10, 2004 or November 4, 2004. Indeed, on January 31, 2005, nearly three months after these alleged occurrences, the plaintiff moved this court "for a pretrial memorandum to be ordered." See Docket No. 82. The plaintiff never made any such claim until after confronted with the defendants Motion for Summary Judgment addressing each and every one of the wild, baseless, scurrilous allegations of his Amended Complaint .

Not only should the timing of plaintiff's allegations be considered, but plaintiff's allegations should be considered in the context of plaintiff's numerous unsupported and unsubstantiated allegations in this lawsuit. For example, the plaintiff claimed that he was transferred out of retaliation for his lawsuits, but defendants summary judgment submission

shows conclusively that plaintiff's lawsuits were never served until after the order by a non-defendant to transfer the plaintiff out of state.

Finally, the nature of plaintiff's allegations in this case make it unlikely that any evidence other than plaintiff's own allegations ever existed. Plaintiff's first allegation is retaliatory transfer to Nevada. The only documentary evidence regarding any motive for plaintiff's transfer has been included in the exhibits to defendants' summary judgment motion. Plaintiff's next allegation is that he has received unconstitutional medical care. All of his medical records, however, have been provided to him. Plaintiff's claims regarding being handcuffed too tightly and being subjected to cold temperatures are not the sort of claims which generate any documentary evidence other than the plaintiff's own self-serving contentions. The same is true of his allegations within the complaint that the legal material was stolen when he was transferred to Nevada. Ironically, he now claims to have had his legal material stolen again which could somehow demonstrate this fact. As for his lack of access to Court, plaintiff alleges he was represented by counsel in his habeas action, so his counsel should be able to provide him any lost documents related to that case.

The defendants respectfully urge the Court to enter judgment in their favor as their Motion for Summary Judgment is now unopposed, and to refrain from finding any "facts" based on plaintiff's unsworn statement that his legal material was damaged.

DEFENDANTS,
Lynn Milling, et al
RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY:___/s/_____
Lynn D. Wittenbrink
Assistant Attorney General
Federal Bar No. ct08575
110 Sherman Street
Hartford, CT  06105
Telephone No.  (860) 808-5450
Fax No. (860) 808-5450
lynn.wittenbrink@po.state.ct.us

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 28th day of February 2005:

Inmate Duane Ziemba.
#128963
Garner Correctional Institution
P.O.  Box 5500
Newtown, CT
06470

___/s/_____
Lynn D. Wittenbrink
Assistant Attorney General

4