```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT
```

DUANE ZIEMBA,                    :
                                 :
    Plaintiff,                   :
                                 :
    v.                           :           PRISONER
                                 :    Case No. 3:02CV258(DFM)
LYNN MILLING, et al.,            :
                                 :
    Defendants.                  :

## RULING AND NOTICE TO PRO SE LITIGANT

Pending before the court is the plaintiff's motion for extension of time to respond to the defendants' motion for summary judgment. (Doc. #87.) The motion is granted. The plaintiff shall file his response to the motion for summary judgment on or before April 18, 2005.[1]

Summary judgment may not be granted against a _pro se_ litigant unless he received adequate notice of the nature and consequences of a summary judgment motion. See _Vital v. Interfaith Medical Ctr._, 168 F.3d 615 (2d Cir. 1999). The court hereby gives the following notice to the _pro se_ plaintiff:

**Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment may be granted to the defendants if there is no issue of fact requiring a trial and the defendants are entitled to prevail under applicable law. The defendants have moved for summary judgment. If their motion is granted, no trial will be**

---

[1] The plaintiff requested an extension until April 17, 2005 but that is a Sunday.

**held.  Judgment will enter in favor of the defendants and you will lose the case without a trial.**

**TO AVOID SUMMARY JUDGMENT YOU MUST FILE AND SERVE PAPERS IN ACCORDANCE WITH THIS NOTICE AND ORDER, DEMONSTRATING THAT THERE IS AN ISSUE OF FACT REQUIRING A TRIAL, AND/OR THAT THE APPLICABLE LAW DOES NOT ENTITLE THE DEFENDANTS TO PREVAIL.  THE PAPERS YOU FILE MUST SHOW THAT (1) YOU DISAGREE WITH THE DEFENDANTS' VERSION OF THE FACTS; (2) YOU HAVE EVIDENCE CONTRADICTING THE DEFENDANTS' VERSION; AND (3) THE EVIDENCE YOU RELY ON, IF BELIEVED BY A JURY, WOULD BE SUFFICIENT TO SUPPORT A VERDICT IN YOUR FAVOR.  IF YOU FAIL TO DO SO THIS, THE DEFENDANTS' MOTION MAY BE GRANTED.**

Any factual assertions in the documents accompanying the defendants' motion for summary judgment will be accepted as true unless the plaintiff files affidavits[2] or other documentary

---

[2]Fed. R. Civ. P. 56(e) states:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not

evidence contradicting these assertions. The plaintiff may not simply rely on his complaint, nor is a memorandum sufficient to oppose the defendants' motion. To demonstrate that this case presents an issue of fact requiring a trial, you must file and serve a document entitled "Local Rule 56(a)2 Statement," which states -- in separately numbered paragraphs corresponding to the paragraphs contained in the defendants' Local Rule 56(a)1 Statement -- whether each of the facts asserted by the defendants is admitted or denied. <u>Any fact asserted by the defendants in their Local Rule 56(a)1 Statement will be deemed to be true for purposes of this case unless it is denied in your Local Rule 56(a)2 Statement.</u> Your Local Rule 56(a)2 Statement must also include in a separate section a list of each issue of fact that you think requires a trial. Each statement of material fact must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served with he Local Rule 56(a)2 statement. You are notified that failure to provide specific citations to evidence in the record as required by Local Rule 56 may result in sanctions, including, an order granting the defendant's motion for summary

---

so respond, summary judgment, if appropriate, shall be entered against the adverse party.

judgment.

Finally, you must file and serve a memorandum of law explaining why you believe that the law does not entitle the defendants to judgment in their favor.

Your response to the defendants' motion for summary judgment including affidavits or other documentary evidence must be filed by **April 18, 2005.** "[F]ailure to submit a memorandum in opposition to [the] motion may be deemed sufficient cause to grant the motion," D. Conn. L. Civ. R. 7(a), and if no opposition is filed by **April 18, 2005,** the defendants' motion may be granted.

SO ORDERED at Hartford, Connecticut this 21st day of March, 2005.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge