UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

DUANE ZIEMBA

    v.                                              PRISONER
                                Case No.  3:02CV258 (DFM)

LYNN MILLING, et al.

## ORDER

The plaintiff filed this civil rights action pro se and in forma pauperis. The plaintiff alleges that the defendants: transferred him to a prison in Nevada in retaliation for his filing lawsuits and making complaints, failed to properly evaluate his medical conditions prior to his transfer, used excessive force in applying leg and wrist restraints on the day of his transfer, forced him to stand outside in the cold without warm clothes, failed to forward his legal materials to him for four months, denied him access to courts and failed to protect him from unsafe conditions at the Nevada prison. The defendants have moved for summary judgment. In response, the plaintiff has filed a document entitled "Supplemental Response to Defendants' Motion for Summary Judgment." (See doc. # 89.) The plaintiff claims that he cannot respond to the defendants' motion for summary judgment because the defendants and other Department of Correction employees stole or confiscated legal material pertaining to this case in September and November 2004. He claims that the documents and records are irreplaceable.

The plaintiff has filed a declaration in support of his supplemental response documenting the legal materials and evidence that were confiscated. The court liberally construes the plaintiff's response and declaration as filed pursuant to Rule 56(f), Fed. R. Civ. P. Rule 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition [to a motion for summary judgment], the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R Civ. P. 56(f). The Second Circuit has held that a party seeking a continuance to respond to a motion for summary judgment on the ground that it needs additional discovery in order to defeat the motion must submit an affidavit showing "'(1) what facts are sought [to resist the motion] and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts.'" Meloff v. New York Life Ins. Co., 51 F.3d 372, 375 (2d Cir. 1995) (quoting Hudson River Sloop Clearwater, Inc. v. Department of Navy, 891 F.2d 414, 422 (2d Cir. 1989)).

The plaintiff's declaration includes a description of some of the legal documents and records that were allegedly confiscated by Department of Correction employees in September

and November 2004 and the steps he took to retrieve those items. Attached to the declaration are copies of the grievances filed by the plaintiff after the legal materials were confiscated as well as a letter from an attorney to the Commissioner of the Department of Correction referencing the confiscated legal documents.

   Some of the documents which were confiscated include affidavits of inmates who heard threats by prison officials to transfer the plaintiff out of state and who witnessed the alleged use of excessive force against the plaintiff, medical records which were not part of the plaintiff's prison medical file and incident and medical reports showing that the plaintiff was shot and injured during his incarceration in Nevada.  The plaintiff states that these documents and affidavits are necessary to respond to the arguments in defendants' motion for summary judgment addressed to the claims of excessive use of force in the application of leg and wrist restraints, improper evaluation of plaintiff's medical conditions prior to his transfer and failure to protect him from unsafe conditions at the Nevada prison.  The plaintiff does not indicate that specific documents or evidence were confiscated which relate to his claims that the defendants forced him to stand outside in the cold without warm clothes, failed to forward his legal materials to him for four months and denied him access to courts.

   Although the plaintiff may not be able to submit documentary

evidence to support his claims, he is not precluded from filing an affidavit or a memorandum in opposition to the motion for summary judgment.  In order to properly respond to a motion for summary judgment, a party must file affidavits[1] made on personal knowledge or other documentary evidence to show that there is a genuine issue of material fact for trial.  Furthermore, a party opposing a motion for summary judgment has obligations under Local Civil Rule 56(a)2 of the United States District Court for the District of Connecticut.  That rule requires a party opposing summary judgment to include in his opposition papers a "Local Rule 56(a)2 Statement."  The Local Rule 56(a)2 Statement is in

---

[1] Rule 56(e) states:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

response to the moving party's 56(a)1 Statement of Material Facts which sets forth the facts which it contends are undisputed. The plaintiff must state whether he admits or denies each such fact. The plaintiff's 56(a)2 statement must also list in a separate section each issue of material fact which the plaintiff contends must be tried. In addition, Local Rule 56 requires that:

> [e]ach statement of material fact in a Local Rule 56(a) Statement by a movant or opponent must be followed by a citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served with the Local Rule 56(a) Statement in conformity with Fed. R. Civ. P. 56(e).

D. Conn. L. Civ. R. 56(a)3. If the plaintiff does not file a 56(a)2 statement, all material facts set forth in the moving party's Rule 56(a)1 statement will be deemed admitted.

Accordingly, the plaintiff is directed to file an affidavit, memorandum and Local Rule 56(a)2 Statement in opposition to the motion for summary judgment. If the plaintiff is unable to cite to or attach a document to his affidavit or Local Rule 56(a)2 Statement because the document has been confiscated, he should identify the document and indicate that it is unavailable. The docket sheet reflects that in December 2002, the plaintiff filed a notice with attached evidence of exhaustion of administrative remedies. (See doc. # 20.) Assuming that these grievances and letters were part of the legal documents confiscated from

plaintiff's cell, the court directs that Clerk to send the plaintiff a copy of [doc. # 20] with this order.  The Clerk shall also send plaintiff a copy of the second amended complaint.  **The plaintiff shall file his response to the motion for summary judgment within twenty-one days of the date of this order**.

    SO ORDERED in Hartford, Connecticut, this 27th of July, 2005.

                                          <u>/s/ Donna F. Martinez</u>

                                                Donna F. Martinez
                                     United States Magistrate Judge