```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

DUANE ZIEMBA,                    :
                                 :
     Plaintiff,                  :
                                 :
     v.                          :           PRISONER
                                 :   Case No.  3:02CV258 (DFM)
LYNN MILLING, et al.,            :
                                 :
     Defendants.                 :
```

## RULING AND ORDER

Pending before the court are the plaintiff's motion for extension of time in which to file a response to the defendants' motion for summary judgment (doc. #91) and motion for the defendants to produce the case file. (Doc. #92.)

On February 18, 2005, the defendants moved for summary judgment. (Doc. #84.) On March 17, 2005, the plaintiff filed a memorandum and declaration claiming that he could not respond to the defendants' motion because the defendants and other Department of Correction employees stole or confiscated legal material pertaining to this case in September and November 2004. (Doc. #89.) The plaintiff stated in his declaration that the "box of legal material contained voluminous irreplaceable legal documents and records pertaining to this case. Specifically, the following":

(1) "affidavits by numerous inmates who personally witnessed how I was repeatedly threatened to be transferred out of state in retaliation;"

(2) "affidavits by several inmates who witnessed the defendants

use the excessive force against me;"

    (3) "essential medical records" that "were not in the records produced in discovery;"

    (4) "Nevada prison incident reports and medical records substantiating that I was shot;" and

    (5) "records and evidence pertinent to the claims and defenses of this case."

In an order dated July 27, 2005, the court advised the plaintiff of his obligations in connection with filing a response to the motion for summary judgment. The order specifically set forth the requirements under Fed. R. Civ. P. 56(f) for a party seeking a continuance to respond to a motion for summary judgment on the ground that the party needs additional discovery. The court ordered the plaintiff to file his response by August 16, 2005. See doc. #90.

The plaintiff, despite the court's explicit instructions, did not comply with the court's order, that is: (1) the plaintiff did not identify what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort he made to obtain them, and (4) why he was unsuccessful in those efforts. Meloff v. New York Life Ins. Co., 51 F.3d 372, 375 (2d Cir. 1995). Instead, on August 8, 2005, the plaintiff filed the instant motion seeking an extension of time of 90 days in which to respond to the defendants' summary judgment motion. (Doc. #91.) The plaintiff also filed a motion

seeking an order directing the defendants to produce to him an "entire copy of the case file," including responses to his discovery requests. (Doc. #92.) There is no record that after the plaintiff's legal materials disappeared in 2004 he sought discovery from the defendants. Rather, on the eve of the deadline for his response to the pending summary judgment motion, the plaintiff filed a request to the court that the defense turn over their case file to him.

The plaintiff's motion for the defendants to produce their case file (doc. #92) is granted in part and denied in part. The request is overbroad. However, to the extent that the defendants have in their possession, custody or control the documents which the plaintiff specifically enumerated in his March 17, 2005 declaration, they shall produce copies within fourteen days. In addition, the defendants also shall forward a copy to the plaintiff of the defendants' responses to his interrogatories, requests for admission and requests for production of documents.

The plaintiff's motion for extension of time (doc. #91) is GRANTED in part. The plaintiff shall file his response to the motion for summary judgment on or before **September 26, 2005.** The plaintiff is directed to the court's July 27, 2005 order, Fed. R. Civ. P. 56 and Local Rule 56.

SO ORDERED in Hartford, Connecticut, this 30th of August, 2005.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge