<u>United States District Court</u> **FILED**
<u>District Of Connecticut</u>  2005 SEP 21  A 11:41

U.S. DISTRICT COURT
DISTRICT CONN

| | |
|---|---|
| Duane Ziemba | Civil Action No.: |
| | 3:02 cv 258 (DFM) |
| VS. | |
| Lynn Milling, et al. | September 19, 2005 |

<u>Plaintiff's Motion For Extension Of Time
To Comply With Court's Order Dated
July 27, 2005 And To Oppose Motion
For Summary Judgment</u>

The plaintiff hereby respectfully moves this honorable Court for a sixty (60) day extention of time up to and including November 19, 2005, to comply with the Court's order dated July 27, 2005 and to file his motion in opposition to the defendants' pending motion for summary judgment. In support of this motion the plaintiff represents the following:

1. This honorable Court granted the defendants' voluminous extensions of time in which to ▇▇▇ file their motion for summary judgment,

up to or close to one year, the plaintiff cannot specifically state the number or time frame due to his legal material has been unlawfully stolen by the defendants and their fellow staff, nevertheless the Court records prove that this honorable Court has in fact freely granted the defendants' <u>voluminous</u>, <u>outrageous</u> motions for extensions of time. On February 18, 2005 the defendants finally filed their Motion for Summary judgment. On March 17, 2005 (Doc. #89) plaintiff filed a memorandum and declaration which set forth the specific facts that he could not oppose the defendants' motion due to the defendants and their fellow staff in retaliation stole his essential legal material. Notwithstanding these very serious facts, in the order by this Court dated July 27, 2005 plaintiff was order to file an opposition to the defendants' motion. Thereon August 3, 2005 (Doc. #91) plaintiff for the very 1st time filed a "motion for extension of time (60 days) to file a response to defendants' motion for summary judgment", [to clearly comply with order dated 7/27/05]. Incredibly by Ruling And Order dated

-2-

August 30, 2005 — this Court denied plaintiff's motion for a 60 day extention of time, and ordered plaintiff to: "file his response to the motion for summary judgment on or before September 26, 2005."

Clearly these facts and evidence show how extremely prejudicial this Court is against the pro se plaintiff.

2. In addition, via this Court's Ruling And Order dated August 30, 2005, Hon. Judge Martinez has misrepresented the following: "The plaintiff, despite the Court's explicit instructions, did not comply with the Court's order...." (Order dated 7/27/05 for plaintiff to respond to motion for summary judgment). It is incorrect that the plaintiff: "did not comply with the Court's order." See (Doc. #91) plaintiff's motion for extension of time — — to thereby comply with the Court's Order. Moreover: this Court has denied (Doc. #91) plaintiff's (very 1st) motion for extension of time. And then incredibly in same denial order dated August 30, 2005 has misrepresented that "plaintiff did not comply."

-3-

This is not fair or just and further supports how overtly and extremely prejudicial this Court is against the plaintiff.

3. Presently, plaintiff needs this respectfully requested sixty (60) day extension of time, due to the defendants have defied the Court's Order dated August 30, 2005 — by failing to produce the ordered documents to the plaintiff so that he can oppose said motion for summary judgment. Via a letter dated September 8, 2005, plaintiff has informally attempted to resolve this matter with Counsel for the defendants. But to date Counsel has failed to respond or to resolve the matter. Said compliance — production of documents is essential for plaintiff to draft and file his motion in opposition to defendants' motion for summary judgment.

4. Plaintiff through this motion requests counsel to comply with the said Court's order and to forthwith produce the documents. Or for this Court to grant a contempt order.

Wherefore, for the foregoing reasons plaintiff should be granted a sixty (60) day extension of time up to and including November 19, 2005, to file his motion in opposition to the defendants' motion for summary judgment -- ultimately to comply with the Court's order dated July 27, 2005.

Respectfully Submitted
/Duane Ziemba/ Duane Ziemba
Garner C.I. 50 Nunnawauk Road
Newtown, CT. 06470

Certification:

I hereby certify that a copy of the foregoing was mailed to the following on this 19th day of September 2005:

Lynn D. Wittenbrink
Assistant Attorney General
110 Sherman Street
Hartford, CT. 06105

By: /Duane Ziemba/
Duane Ziemba

-5-